UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MAMADOU A. SALL, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 1:21-cv-0140-JAR |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Mamadou Sall's Petition for Writ of Error Coram Nobis. (Doc. No. 1). The motion is fully briefed and ready for disposition. For the reasons set forth below, the motion will be denied.[1]

**I.   Background**

On June 24, 2013, Petitioner Mamadou Sall pled guilty to one count of aiding and abetting the use of counterfeit access devices in violation of 18 U.S.C. §§ 1029(a)(1) & 1029(c)(1)(A)(i), one count of aiding and abetting the possession of 15 or more counterfeit and unauthorized access devices in violation of 18 U.S.C. §§ 1029(a)(3) &1029(c)(1)(A)(i) and one count of aiding and abetting the possession of device-making equipment in violation of 18 U.S.C. §§ 1029(a)(4) & 1029(c)(1)(A)(ii). Sall admitted that he, along with two co-conspirators, utilized fraudulent credit card numbers to purchase cartons of cigarettes for resale. Sall and his co-conspirators purchased stolen credit card numbers over the internet and Sall put the credit card numbers onto the magnetic

---

[1] Because Sall's motion can be conclusively determined based on the motion, files and records of the case, an evidentiary hearing need not be held. *See Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994).

1

strips of gift cards. At the time he pled guilty, Sall was a citizen of Guinea and an undocumented immigrant in the United States illegally.

> The guilty plea agreement states:
>
> Because the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an 'aggravated felony' as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

(Guilty Plea Agreement, *USA v. Paige et al.*, Case No. 1:12-cr-00134-JAR-3, Doc. No. 118 at 11-12).

At the change of plea hearing, the Court asked Sall if he understood the guilty plea agreement:

> The Court: Have you read the agreement?
>
> The Defendant: Yes.
>
> The Court: Have you gone over it in detail with your lawyer?
>
> The Defendant: Yes, Your Honor.
>
> The Court: Has he explained the contents of the agreement in detail to you?
>
> The Defendant: Yes, Your Honor.
>
> The Court: And do you understand the contents of the agreement?
>
> The Defendant: Yes, Your Honor.
>
> The Court: Is there anything in here that you do not understand?
>
> The Defendant: No. I understand everything in there.

(Transcript of Plea, *USA v. Paige et al.*, Case No. 1:12-cr-00134-JAR-3, Doc. No. 200 at 6-7).

The Presentence Investigation Report ("PSR") explains that "[u]pon release from incarceration, the defendant is subject to deportation proceedings; however, Immigration and

Customs Enforcement (ICE) has indicated that Guinea is not cooperating with the deportation process and the defendant may be released in the United States." (PSR *USA v. Paige et al.*, Case No. 1:12-cr-00134-JAR-3, Doc. No. 155 at ¶ 59). At the sentencing hearing, Sall acknowledged that he reviewed the PSR and no objections were filed. Furthermore, the defense attorney discusses in a sentencing memorandum "that Mr. Sall is facing likely deportation…." (Sentencing Memo, *USA v. Paige et al.*, Case No. 1:12-cr-00134-JAR-3, Doc. No. 161 at 5). On September 23, 2013, Sall was sentenced to time serve. (Judgment, *USA v. Paige et al.*, Case No. 1:12-cr-00134-JAR-3, Doc. No. 165). At the sentencing hearing, the Court informed Sall that, as a condition of his plea, he must "participate in all deportation proceedings and that [ ] remain outside the United States if you are deported." (Transcript of Sentencing, *USA v. Paige et al.*, Case No. 1:12-cr-00134-JAR-3, Doc. No. 201 at 10). Sall did not appeal his sentence or file a petition for a writ of habeas corpus.

Sall remained in the United States and married a United States citizen. He sought to adjust his immigration status to permanent resident but was advised by an immigration attorney that his guilty plea prevents him from doing so. In September of 2021, Sall filed a petition for writ of error *coram nobis*, arguing he would not have pled guilty if he knew his guilty plea would prevent him from adjusting his immigration status result in his deportation. In an affidavit, Sall swore his trial attorney did not advise him that if he entered a guilty plea, he would not be able to adjust his immigration status. (Doc. No. 19-1). Sall has not alleged that there are pending deportation proceedings against him.

## II.   Legal Standard

A person who has been convicted of a federal crime and is no longer in federal custody may seek a writ of error *coram nobis* to set aside the conviction and sentence. *United States v. Morgan*, 346 U.S. 502, 505–06 (1954); *United States v. Little*, 608 F.2d 296, 299 (8th Cir. 1979).

3

*Coram nobis* relief is "substantially equivalent" to post-conviction relief under 28 U.S.C. § 2255. *Id.* The main difference between the two remedies is that *coram nobis* relief is available when the defendant is no longer in custody, whereas custody is a prerequisite for § 2255 relief. *Id.*; *United States v. Camacho-Bordes*, 94 F.3d 1168, 1172 n.6 (8th Cir. 1996).

The Supreme Court has cautioned that a writ of *coram nobis* is an "extraordinary remedy" that should be allowed "only under circumstances compelling such action to achieve justice" and to correct errors "of the most fundamental character." *Morgan*, 346 U.S. at 511–12. "*Coram nobis* relief has been called the criminal-law equivalent of the Hail Mary pass in American football." *Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018) (citing *United States v. George*, 676 F.3d 249, 251 (1st Cir. 2012)). This is because "[t]he further a case progresses through the remedial steps available to a criminal defendant, the stiffer the requirements for vacating a final judgment....The writ of error *coram nobis* lies at the far end of this continuum." *Id.* (quoting *George*, 676 F.3d at 258). Given that *coram nobis* relief is at the far end of the remedial spectrum and is subject to the stiffest requirements for vacating a judgment, the requirements for obtaining *coram nobis* relief cannot be less stringent than those required for § 2255 relief. *Id.* at 956.

In *Baranski*, the Eighth Circuit determined a *coram nobis* petition is subject to the same "substantive" restrictions set forth in § 2255(h)(1) and (2). *Id.* at 956. The substantive restrictions set forth in § 2255(h)(1) and (2) apply in such situations, because "*coram nobis* is an extraordinary remedy available at the far end of a post-conviction continuum only for the most fundamental errors" and "it would make no sense to rule that a petitioner no longer in custody may obtain *coram nobis* relief with a less rigorous substantive showing than that required by AEDPA's limitations for successive habeas corpus and § 2255 relief." *Id.*

**III.    Discussion**

4

Sall argues he is entitled to relief because defense counsel did not properly advise him that entering a guilty plea would prevent him from adjusting his immigration status and result in his deportation. The Government responds that a one-year statute of limitation applies to *coram nobis* petitions, and as such the petition should be denied as untimely. In the alternative, the Government claims counsel gave the constitutionally required advice on the impact of a guilty plea on Sall's immigration status.

A. **Statute of Limitations**

The Government claims petitions for writ of error *coram nobis* are subject to the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, a petitioner has one year after his criminal proceedings become final to file a Section 2255 habeas petition. 28 U.S.C. § 2255(f). The Government argues that the petition must be dismissed because it was filed eight years after Sall's criminal proceedings became final. The Government urges the Court to adopt the reasoning contained in *United States v. Estrada-Perez*, No. CRIM. 02-403(3) DSD, 2011 WL 2965249, at *2 (D. Minn. July 22, 2011) and *Rodriguez-Lugo v. United States*, No. 09-CV-2174 BEN AJB, 2010 WL 3167545, at *2 (S.D. Cal. Aug. 9, 2010), *aff'd,* 458 F. App'x 688 (9th Cir. 2011). In *Estrada-Perez*, the court concluded the AEDPA statute of limitations applied to a claim that counsel was ineffective for failing to advise the petitioner of possible immigration consequences to her sentence because the "use of coram nobis in the instant case would nullify the one-year limitation of § 2255." 2011 WL 2965249, at *2. The *Rodriguez-Lugo* court determined that petitions for writ of *coram nobis* are analyzed in the same manner as Section 2255 petitions, so the one-year statute of limitations set out in the AEDPA applies. 2010 WL 3167545, at *2. The Court does not find the reasoning of these cases persuasive.

5

The Ninth Circuit upheld the district court's decision in *Rodriguez-Lugo*, however, it noted that the "parties agree that the district court erred in dismissing Lugo's *coram nobis* petition pursuant to the Anti–Terrorism and Effective Death Penalty Act's statute of limitations." *Rodriguez-Lugo v. United States*, 458 F. App'x 688, 689 (9th Cir. 2011). Furthermore, although the Eighth Circuit has yet to determine whether a statute of limitations applies to *coram nobis* petitions, both the Ninth Circuit and the Second Circuit have found no statute of limitations applies. *See United States v. Kwan*, 407 F.3d 1005, 1012 (9th Cir. 2005), as amended, abrogated on other grounds by *Padilla v. Kentucky*, 559 U.S. 356 (2010) ("Because a petition for writ of error coram nobis is a collateral attack on a criminal conviction, the time for filing a petition is not subject to a specific statute of limitations.") (citations omitted); *Kovacs v. United States*, 744 F.3d 44, 54 (2d Cir. 2014) ("No statute of limitations governs the filing of a *coram nobis* petition."). As such, the Court will not apply the AEDPA's statute of limitations to Sall's petition.

### B. Ineffective Assistance of Counsel

Sall contends defense counsel was inadequate because counsel did not properly advise him that, after entering a guilty plea, his immigration status could not be adjusted and he was subject to deportation. The United States Supreme Court recognized in *Padilla*, 559 U.S. 356, that, in certain circumstances, counsel has an obligation to discuss collateral consequences of a plea with their client. *Id*. at 364-65. Sall claims that defense counsel was obligated to inform him that his plea would result in his deportation and prevent him from adjusting his status but failed to do so.

#### i. Legal Standard

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 687–88 (1984). The defendant must also establish prejudice by

6

showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.,* at 694. Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id* . The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma–Rodriguez,* 423 F.3d 830, 836 (2005). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Anderson,* 393 F.3d at 753–54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012–13 (8th Cir.2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's

7

errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985); *Matthews v. United States,* 114 F.3d 114.

      **ii.**      **Deportation**

The Court must first determine whether defense counsel was ineffective for failing to inform Sall that his guilty plea could result in his deportation. Sall cannot show any prejudice in this case, as the record shows Sall was aware that his guilty plea could result in deportation and decided to proceed with the plea. Sall stated at the sentencing hearing that he read the guilty plea agreement, his lawyer explained the contents in detail, and he understood all of the contents. The guilty plea informed Sall that a plea could affect his immigration status and result in deportation. (Guilty Plea, *USA v. Paige et al.*, Case No. 1:12-cr-00134-JAR-3, Doc. No. 118 at 11-12). Further, if his crime is an "aggravated felony," deportation is presumed mandatory. *Id*.

In a sentencing memorandum, Sall's defense attorney stated that he "is likely facing deportation…." (Sentencing Memo, *USA v. Paige et al.*, Case No. 1:12-cr-00134-JAR-3, Doc. No. 161 at 5). At the sentencing hearing the Court explained that "it will be a condition that you participate in all deportation proceedings and that you remain outside the United States if you are deported." (Sentencing Transcript *USA v. Paige et al.*, Case No. 1:12-cr-00134-JAR-3, Doc. No. 201 at 10). Moreover, the PSR indicated Sall was in fact subject to deportation proceedings upon release from incarceration, but Guinea was not cooperating, so Sall remained in the United States. (PSR, *USA v. Paige et al.*, Case No. 1:12-cr-00134-JAR-3, Doc. No. 155 at ¶ 59). Sall did not object to the contents of the PSR, nor did he file a direct appeal or a petition pursuant to § 2255. Moreover, it does not appear that Sall is subject to deportation proceedings; he has presented no evidence that, after Guinea declined to cooperate with deportation, any other deportation proceedings were initiated.

It is clear that Sall was, at the very least, aware that his guilty plea was likely to subject him to deportation proceedings. Furthermore, Sall's claim is barred by the abuse-of-writ doctrine, as he could have raised the argument on direct appeal or pursuant to 28 U.S.C. § 2255 prior to the completion of his supervised release. *United States v. Shoupe*, 299 F. App'x 610, 610 (8th Cir. 2008) (Claims that could have been raised on direct appeal or in a § 2255 motion are barred by the abuse-of-writ doctrine from being raised in a petition for writ of *coram nobis*).

### iii. Adjusting Immigration Status

Next the Court will consider whether counsel was ineffective for failing to advise Sall about the impact his guilty plea would have on his ability to adjust his immigration status. Sall swore in his affidavit that he was not informed by defense counsel, the judge, or the prosecutor that he would be unable to adjust his status in the future. (Doc. No. 19-1). Sall's contention that he was not aware of the effect on his immigration status is not supported by the record. The guilty plea agreement stated it "could impact defendant's immigration status…." (Guilty Plea Agreement, *USA v. Paige et al.*, Case No. 1:12-cr-00134-JAR-3, Doc. No. 118 at 11). Sall testified at the change of plea hearing that his attorney explained the agreement to him and he understood its contents. However, even taking Sall's contentions that he was not specifically advised that he would be unable to change his immigration status, he is not entitled to relief.

Sall has not shown a "reasonable probability that, but for counsel's errors, [Sall] would not have pleaded guilty and would have insisted on going to trial," and as such he cannot show prejudice. *Hill*, 474 U.S. at 59. Sall faced deportation proceedings, but nevertheless entered a plea of guilty. He now argues that if he was aware pleading guilty would prevent him from adjusting his immigration status in the future, he would have pleaded not guilty and gone to trial. In light of Sall's willingness to face deportation, a more severe immigration consequence, he cannot show a

9

reasonable probability that he would have insisted on going to trial. *See Abraham v. United States*, 699 F.3d 1050, 1053 (8th Cir. 2012) (Finding petitioner could not show prejudice where PSR indicated the offense rendered him deportable and he did not object to PSR).

Furthermore, Sall has not shown counsel was ineffective for failing to advise him about the potential impact his guilty plea would have on his ability to adjust his immigration status in the future, as he has not shown the impact was clear. "[W]hen the deportation consequence is truly clear…the duty to give correct advice is equally clear." *Padilla*, 559 U.S. at 369. On the other hand, "[w]hen the law is not succinct and straightforward…a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id*. Sall has not shown that the impact on his future ability to adjust his immigration status was clear, so he cannot show counsel was ineffective for failing to inform him that he may be unable to adjust his immigration status. As such, Sall is not entitled to relief. Accordingly,

**IT IS HEREBY ORDERED** that the Sall Mamadou's Petition for Writ of Error Coram Nobis is **DENIED**.

A judgment dismissing this case is filed herewith.
Dated this 3rd day of May, 2022.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**